UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLAN and ESTELLA CABIAO,<br><br>            Plaintiff,<br><br>   v.<br><br>JOHN SUYES,<br><br>            Defendant. | CASE NO. C10-1756MJP<br><br>ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER |

The above-entitled Court, having received and reviewed

1. Motion for Temporary Restraining Order (Dkt. No. 2)

2. Defendant's Response to Plaintiff's Verified Motion for Temporary Restraining Order (Dkt. No. 3)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED the motion is DENIED.

Plaintiffs have alleged that they are the owners of a property which is the subject of an eviction proceeding which will take place tomorrow, November 2, 2010. Dkt. No. 1, Complaint, Ex. F. Their complaint and motion for temporary restraining order (TRO) allege fraud in the

handling of their loan, the reconveyance of the property by means of a trustee's sale and the obtaining of a default judgment and writ of restitution in state court.

Federal civil procedure permits the issuance of a TRO in certain extraordinary circumstances, under conditions which include "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss or damage will result to the movant" and the presentation of evidence that efforts have been made to notify the adverse party. FRCP 65(b).

Plaintiffs have presented evidence that they have attempted to notify Defendant of their TRO request by serving copies of their complaint and motion at the law office of Defendant's counsel. Dkt. No. 5. And in fact, Defendant's counsel have responded to the TRO and filed their defense to the motion, which includes the assertion that they are not agents for service on their client. Response, p. 3. At this point, the Court is prepared to accept the service on Defendant's counsel as a good faith effort to notify the opposing party of this emergency proceeding in satisfaction of the FRCP 65 requirements.

Nevertheless, the Court is constrained from granting Plaintiffs the extraordinary relief which they seek. Two factors weigh in favor of denying the TRO. First, Plaintiffs have failed to allege any claim which amounts to "immediate and irreparable injury" to themselves if the eviction goes forward as scheduled. While they have alleged ownership of the subject property, they have not alleged that they live there, and in fact the unlawful detainer and eviction proceedings have all been against an individual named "Ken Cabiao," not the Plaintiffs. There has been no allegation and no showing that the eviction proceeding will immediately and irreparably harm these Plaintiffs.

Second, there is a substantial question as to whether this matter even belongs in federal court. The proceedings of which Plaintiffs complain all took place in state court, and if there has been fraud in the procurement of these orders of unlawful detainer, writ of restitution and eviction, then their remedy would seem to lie in that forum. And although Plaintiffs' complaint claims federal jurisdiction based on violations of the Truth in Lending Act, the Home Ownership Equity Protection Act and the Real Estate Settlement Procedures Act (Complaint, ¶ 12), Plaintiffs do nothing more than invoke the names of those federal statutes. Nowhere in their lengthy complaint (or in their TRO motion) is there a single allegation of a specific action which violates a specific statute.[1] The Court is extremely reluctant to issue extraordinary and precipitous relief in the face of such questionable jurisdiction.

Plaintiffs are welcome to pursue further relief in the state court which issued the orders of which they complain, or to request preliminary injunctive relief from this court once service has been properly effected and questions of federal jurisdiction addressed to the Court's satisfaction.

Plaintiffs' request for a temporary restraining order is DENIED.[2]

The clerk is ordered to provide copies of this order to all counsel.

Dated November 1, 2010.

Marsha J. Pechman
United States District Judge

---

[1] Additionally, Plaintiffs claim "diversity jurisdiction," but all parties and the subject property appear to reside in the State of Washington.

[2] Defendant also titled his response "…and Defendant's Motion to Dismiss," but the Court requires that Defendant pursue such a dispositive motion in accordance with the Local Rules and the FRCP.

ORDER ON MOTION FOR TEMPORARY
RESTRAINING ORDER- 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

ORDER ON MOTION FOR TEMPORARY
RESTRAINING ORDER- 4