1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  | Allen  and Estrella Cabiao,                          | CASE NO. 2:10-cv-01756MJP

11  |                          Plaintiffs,                  | ORDER ON MOTION TO DISMISS

12  |          v.

13  | John Suyes,

14  |                          Defendant.

15

16      The above-entitled Court, having received and reviewed

17      1.  Defendant's Motion to Dismiss (Dkt. No. 7)

18      2.  Plaintiffs' Response Memorandum in Opposition to Defendant's Motion to Dismiss

19          Civil Complaint (Dkt. No. 11)

20  and all attached declarations and exhibits, makes the following ruling:

21      IT IS ORDERED that the motion is GRANTED and Plaintiffs' complaint is DISMISSED

22  with leave to amend.  Plaintiffs are ordered to file an amended complaint no later than **January**

23  **21, 2011.**

24

ORDER ON MOTION TO DISMISS- 1

1

2 **Discussion/Analysis**

3        Defendant appears specially and moves to dismiss Plaintiffs' complaint on a number of

4 grounds.  The Court will discuss each ground individually:

5        1. *Lack of personal jurisdiction: insufficient service*

6        Plaintiffs served Defendant's attorney, who denies that he is an authorized agent for

7 service.  Plaintiffs provide no statutory or case authority that an attorney is a *de facto* agent for

8 service by operation of law.   In response, Plaintiffs do not allege that they do not know where to

9 serve Defendant, they simply  argue that counsel has a "fiduciary duty to accept service for John

10 Suyes."  Response, p. 2.  That is not the state of the law.  Plaintiffs filed their complaint on

11 October 29, 2010 and have 120 days from that date in which to serve Defendant.  FRCP 4(m).

12 As of the date of this order, this Court has no personal jurisdiction over Defendant.

13        2. *Lack of subject matter jurisdiction: no standing*

14        This lawsuit concerns a dispute over a home which Plaintiffs formerly owned and which

15 Defendant purchased in a trustee sale.  Defendant alleges that he purchased the property on

16 September 3, 2010 and "therefore, Plaintiffs had no standing to bring the motion." Motion, p. 3.

17 The Court is at a loss to understand the significance of this point.  The "motion" may refer to a

18 motion for temporary restraining order that Plaintiffs filed in October 2010.  Dkt. No. 2.  If that

19 is the case, the point is irrelevant -- it is Plaintiffs' complaint, not their motion (which was

20 denied), which is before the Court presently.  If Defendant meant to say "the complaint," then it

21 is irrelevant that he holds the deed to the property in question when Plaintiffs are alleging that he

22 obtained it fraudulently.  Defendant also argues that "Plaintiffs are not even a named party in the

23 Superior Court Case (*sic*)."  Motion, p. 3.  Again, this may have been relevant to the TRO

24

ORDER ON MOTION TO DISMISS- 2

1   motion, but is irrelevant to this matter, which does not concern the Superior Court proceedings.

2   This portion of Defendant's motion is denied.

3      *3.   Lack of subject matter jurisdiction: no federal question*

4      Defendant argues that, because "[t]he proceedings of which Plaintiffs complain took

5   place in the Superior Court of King County… then their remedy would lie in that forum."  Id. at

6   p. 4.  Defendant provides no support for the contention and the Court rejects it.  More

7   convincingly, Defendant points out that, although Plaintiffs allege violations of the Truth in

8   Lending Act, the Home Ownership Equity Protection Act and the Real Estate Sales Practices

9   Act, their complaint is devoid of any allegations of specific actions that violate specific statutes.

10  This is truly a problem with Plaintiffs' pleading, as it violates the general rules of pleading in

11  federal court, which require "a short and plain statement of the grounds for the court's

12  jurisdiction."  FRCP 8(a)(1).  Since Plaintiffs will be permitted an opportunity to amend, the

13  Court also feels compelled to point out that, as Plaintiffs are alleging fraud on Defendant's part,

14  they are required to meet pleading standards of heightened specificity – their complaint must

15  clearly allege the actions, the actors, and the dates, times and places which constitute the alleged

16  fraud.  Generalized, vague or conclusory allegations will not suffice.

17      The Court finds that amendment of the complaint would not be futile under these

18  circumstances and grants leave to amend.  In addition to pleading their allegations of fraud with

19  specificity and identifying which actions of Defendant violated which federal statutes, Plaintiffs

20  are also  ordered to fully comply with FRCP 5.1.  They have sufficiently alleged the

21  unconstitutionality of the Washington Deed of Trust Act in conformity with FRCP 5.1, but they

22  have failed to serve the State Attorney General's Office with notice of their constitutional

23  challenge to the state statute.

24

1 **Conclusion**

2         Plaintiffs have failed to properly serve the Defendant and the Attorney General of the

3   State of Washington – they have 120 days from the filing of their complaint to correct those

4   defects in service.  They have failed to plead their claims of fraud with specificity or identify

5   with specificity which federal statutes have been violated by which specific acts of the Defendant

6   – they have until January 21, 2011 to file an amended complaint correcting those deficiencies.

7   The current complaint is DISMISSED with leave to amend.

8

9         The clerk is ordered to provide copies of this order to all counsel.

10         Dated January 7, 2011.

11

12

13

                                          Marsha J. Pechman
14                                          United States District Judge

15

16

17

18

19

20

21

22

23

24